UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| GLORIA PAIVA | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 23-CV-10257-AK |
| KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration, | ) ) ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

**A. KELLEY, D.J.**

The Plaintiff, Gloria Paiva ("Paiva"), appeals the denial of Supplemental Security Income ("SSI") benefits by the Defendant Kilolo Kijakazi, Acting Commissioner of the Social Security Administration ("Commissioner"). Paiva argues that the Commissioner erroneously found her fractional share in real property to constitute an accessible resource, making her ineligible for SSI benefits due to excess resources. Even if her fractional share in real property constitutes an accessible resource, Paiva argues in the alternative that she should be eligible for conditional benefits upon signing an Agreement to Sell form with the Social Security Administration ("SSA"). The Commissioner opposes the appeal on grounds that Paiva's fractional share in real property constitutes an accessible resource and the SSA is not obligated to present her with an "Agreement to Sell" form in order for Paiva to receive conditional SSI benefits.

For the reasons discussed below, the Court **GRANTS** the Plaintiff's Motion for Order Reversing Decision of Commissioner [Dkt. 10] and **DENIES** the Defendant's Motion for Order

1

Affirming Decision of Commissioner [Dkt. 13]. Because the Court finds that Paiva's fractional share in the real property constitutes an inaccessible resource, it will not address whether she should receive conditional benefits.

I. BACKGROUND

Paiva received SSI benefits between 2001 and 2019. [Dkt. 14 at 3]. Upon her father's death on or about December 2009, Paiva inherited a home, which she co-owns with her sisters; each sister has a 1/3 interest in the real property. [Id. at 5]. The property is a single-family residence located at 594 Division Road, South Dartmouth, MA 02748. [Dkt. 11 at 2]. On June 2019, the SSA notified Paiva that she was no longer eligible for SSI benefits because her interest in the property exceeded the $2,000 statutory maximum for excess resources. [Id. at 3, 6].

Paiva subsequently asked the SSA to re-open the matter because she had an "undue hardship" that prevented her from selling her property interest. [Id. at 3]. In support of her position, Paiva testified that she had attempted to persuade her sisters to buy her share in the property to no avail. [Id. at 5, 6]. Paiva also produced evidence from a realtor stating that, in his professional opinion, he did not believe selling a 1/3 interest was feasible. [Id. at 3]. Nevertheless, the SSA determined that she had "no intent to sell," rendering her ineligible for SSI benefits. [Id.]. The SSA stated that undue hardship only exists when selling property would displace a joint owner from their primary residence. [Id.]; see also 20 C.F.R. § 416.1245(a) (defining undue hardship).

In November 2021, Paiva asked an Administrative Law Judge ("ALJ") to review the denial of her SSI application. [Dkt. 14 at 4]. The ALJ determined that Paiva was ineligible for SSI benefits because her property interest exceeded the statutory limit and she had not made reasonable efforts to sell it. [Id.]. The Appeals Council affirmed the ALJ's determination to

terminate her SSI benefits. [Id.]. In response, Paiva argued that she could not make reasonable efforts to sell her ownership interest because the SSA had not properly explained that she could receive conditional benefits upon signing a Form SSA-8060-U3 "Agreement to Sell" form. [Id.]. Moreover, attempting to sell her share would be pointless because its market value is $0. [Id. at 4-5]. Paiva timely appealed and requests that this Court reverse the Commissioner's decision. [Dkt. 11 at 3]. Specifically, Paiva asks that the Court acknowledge that her fractional share in real property is an inaccessible resource and should not count against her SSI eligibility. [Id. at 7]. In the alternative, Paiva requests that the court grant her conditional benefits upon signing the Agreement to Sell form with the SSA. [Id. at 10]. Because the Court finds that Paiva's fractional share in the real property constitutes an inaccessible resource, it will not address whether she should receive conditional benefits.

## II.   STANDARD OF REVIEW

The Court must affirm the Commissioner's decision if it is supported by substantial evidence and is based on the correct legal standards—even if the record contains evidence capable of supporting an alternative outcome. 42 U.S.C. § 405(g); Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001). Substantial evidence is evidence that a "reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019) (internal quotation omitted). Courts must affirm the Commissioner's interpretation of the regulation unless it is clearly erroneous. Bowles v. Seminole Rock & Sand Co., 325 U.S. 410, 414 (1945) (stating that "the ultimate criterion is the administrative interpretation . . . unless it is plainly erroneous or inconsistent with the regulation."); see e.g., Serrell v. Barnhart, No. SA-05-CA-0478, 2006 WL 1851716, at *6 (W.D. Tex. June 30, 2006) (holding that the ALJ's valuation of the plaintiff's share of the real property was not supported by substantial evidence. The ALJ had also failed to

"apply the proper legal standard because he did not ascertain the amount of cash that would be available for plaintiff's support upon sale of the property."). District Courts must "review questions of law de novo . . . and questions of fact for substantial evidence." Coskery v. Berryhill, 892 F.3d 1, 3 (1st Cir. 2018) (citation omitted). Ultimately, the Court has the power to enter a judgment "affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

Eligibility for SSI benefits depends on whether an individual's resources do not exceed certain annual limits. 20 C.F.R. § 416.1205. The SSI resource limit is $2,000 for an individual. Id. Countable resources are those that are considered against the statutory limit. 20 C.F.R. § 416.1201(a). If countable resources exceed the SSI resource limit, the SSI applicant is financially ineligible for SSI benefits. 20 C.F.R. § 416.1205.

Real property is considered an accessible countable resource when three criteria are met. POMS SI 01120010.[1] First, the individual "must have some form of ownership interest in [the] property." POMS SI 01120.010.B.1 (citing POMS SI 01110.100). Second, the individual "must have a legal right to access [the] property" and "the legal ability to access funds for spending *or to convert noncash property into cash.*" POMS SI 01120.010.B.2 (citing POMS SI 01110.100) (emphasis added). "The fact that an owner does not have physical possession of property does not mean it is not his/her resource, provided the owner still has the legal ability to spend it or convert it to cash." Id. The property is not a resource, however, "[w]hen there is a legal bar to sale of property (e.g., if a co-owner legally blocks sale of jointly-owned property)" such that

---

[1] The SSA has promulgated a Program Operations Manual System ("POMS"), which contains guidelines to ensure consistent decisions within the agency. Kubetin v. Astrue, 637 F. Supp. 2d 59, 64 (D. Mass. 2009). POMS instructions do not have binding force in social security disability benefits cases, but courts, including the First Circuit and the District of Massachusetts, frequently consider them in "interpreting the SSA's statutory and regulatory policies." Bitsacos v. Barnhart, 353 F.Supp.2d 161, 168 (D. Mass. 2005).

4

litigation would be required "to accomplish sale or access." POMS SI 01120.010.C.2. Third, the individual must have the legal ability to use the property for his/her personal support and maintenance, such that even if the individual meets the first two requirements, "a legal restriction against the property's use for the owner's own support and maintenance means the property is not his/her resource." POMS SI 01120.010.B.3 (citing POMS SI 0111.100). Unless all three criteria are met, real property is not considered an accessible countable resource. Ballard v. Saul, 414 F. Supp. 3d 1240, 1243 (N.D. Cal. 2019). Real property is excluded from the resource limit if it cannot be liquidated. 20 C.F.R § 416.1201(a)(1); POMS SI 01110.115.

## III.   DISCUSSION

### a.   The Plaintiff's 1/3 interest in real property is not an accessible resource.

The ALJ's determination that Paiva's fractional interest in real property exceeds the $2,000 statutory limit is not supported by substantial evidence and is therefore erroneous. Paiva does not have the legal ability to liquidate her share in the property without litigation, rendering the resource inaccessible.

It is undisputed Paiva has a partial ownership interest in the real property that she shares with her sisters. [Dkt. 14 at 5]. At issue is whether Paiva has the legal ability to convert her property into cash and use it for her own support and maintenance.

Paiva argues that her fractional interest is unmarketable. [Id. at 8]. Specifically, Paiva submitted the professional opinion of a local realtor stating that he "do[es] not see selling a 1/3 interest as feasible," which supports the contention that her resource is inaccessible. [Id. at 3]. Defendant argues, however, that Paiva has not made reasonable efforts to liquidate her share. [Id. at 10]. However, Paiva's property being an accessible resource is not predicated on whether she made reasonable efforts to sell her fractional share in real property. Reasonable efforts to sell is a requirement only once the SSA has granted an applicant conditional benefits. See 20

C.F.R. § 416.1242(a) (stating that to receive conditional benefits, an individual must agree to dispose of real property within 9 months. The agreement goes into effect and the time period for disposal of property begins on the date the SSA accepts the individual's signed written agreement.). As previously stated, the factors courts must consider in determining whether real property is an accessible resource are if (1) the individual has an ownership interest in it, (2) the individual has a legal right to access the property, and (3) the individual can use the property for their personal support and maintenance. Ballard, 414 F.Supp.3d at 1243. Paiva made repeated attempts to persuade her sisters to sell the entire property so that she could liquidate her share of the assets. [Dkt. 9 at 26]. Unfortunately, Paiva was not able to persuade her sisters to sell the home. [Id.]. Paiva also contacted a local realtor to sell her fractional share. [Id.]. The realtor gave his professional opinion that it would not be feasible to sell a 1/3 interest in real property. [Id. at 27].

      The paucity of case law interpreting these SSA and POMS regulations is striking. Therefore, the Court turns to cases outside of the First Circuit for guidance. Nevertheless, many courts have held that fractional shares in real property are not consistently deemed resources within the meaning of the Social Security Act because claimants often do not have the power to liquidate them. Ballard, 414 F.Supp.3d at 1245-46 (holding that the ALJ's finding was not supported by substantial evidence because Ballard's properties were held in a trust, she could not agree with her sister to liquidate the property, and without such an agreement litigation would be required to compel a distribution from the trust); Miranda v. Barnhart, No. SA-00-CA-1195, 2002 WL 1492202, at *5 (W.D. Tex. Mar. 29, 2002) (holding that the ALJ erred in its application of relevant statutory provisions because plaintiff's fractional share in real property could only be sold through partition, which would consume the costs of the property); Winston

v. Colvin, No. 6:13-CV-1662-CL, 2015 WL 1549164, at *5 (D. Or. Apr. 7, 2015) (finding that it was reversible error for the ALJ to conclude that the plaintiff's property was a resource when her ex-husband refused to sell property that was jointly owned by the former spouses).

Indeed, fractional shares in real property can be unmarketable, rendering a sale futile. Golis v. Rubin, 857 F. Supp. 1407, 1416 (D. Haw. 1994).[2] In Golis, the Department of Human Resources ("DHS"), State of Hawaii, and the Secretary of Health and Human Services ("HHS") denied the plaintiff welfare benefits based on her ownership of one-fourth of a piece of real property. Id. at 1409-10. At the administrative hearing, Golis testified that she had contacted two local real estate brokers to sell the property. Id. at 1410. One realtor stated that, since there was no consensus among the co-owners to sell the property, plaintiff's fractional share would need to sell through a partition suit, "which is very expensive and would discourage any buyer, if any were even found, desiring a one-fourth interest in a residential property." Id. Thus, the realtors concluded the plaintiff's fractional share in the property was unmarketable. Id. The ALJ, however, rejected plaintiff's arguments and denied her benefits. Id. The district court of Hawaii reversed the ALJ's decision, holding that plaintiff was eligible for benefits because the ALJ miscalculated the value of her property. Id. at 1416. The court reasoned that the ALJ's reliance on rigid tax-assessed values of property is not a proper determination of the fair market value of a fractional interest. Id. at 1417. Instead, the ALJ should consider a variety of factors,

---

[2] Defendant argues that Plaintiff incorrectly relies on Golis because it involved Aid to Families with Dependent Children ("AFDC") benefits rather than SSI benefits. [Dkt. 14 at 8]. While it is true that the AFDC program and the SSI program are distinct welfare programs created for different social groups, their regulatory frameworks are similar. See Golis, 857 F. Supp. at 1413, 1414 (pointing out that Hawaii's rule regarding asset availability for AFDC applicants and recipients "tracks the federal rules," and that the exemption scheme for AFDC "closely resemble[s] the relevant provisions of the Supplemental Security Income program"). First, the resource limits are both set by federal law. Id. at 1413. Second, both programs state that only assets that are "available" or "accessible" are counted toward the statutory maximum for excess resources. Id. Third, as a condition of eligibility, both programs require recipients to make a good faith effort to sell non-resident real property. Id. Thus, Golis is still instructive in determining whether real property can constitute an accessible resource for welfare eligibility.

such as "utility, amenity, configuration, and location of the property." Id. at 1416.  The court found that a fractional share valued separately does not add up to the market value of the piece of the property as a whole, "due to the possibility of reduced utility or enjoyment of less than the whole." Id. (internal quotation omitted).

The facts here are analogous to the ones in Golis, and the Court agrees with that district court's reasoning.  Paiva also contacted a local realtor about selling her fractional share. [Dkt. 9 at 26].  The realtor gave his professional opinion that "the only way to sell [the house] is as a single unit," and it would not be feasible to sell a 1/3 interest. [Id. at 250].  The same scenario Golis would have faced is the one Paiva would face as well: Paiva's fractional share would need to sell through a potentially very expensive partition suit, which would discourage any buyer from buying the real property.  Realistically, it is unlikely Plaintiff will ever find a third-party buyer for a 1/3 interest in real property.

If a plaintiff does not have the power to realize her legal right to liquidate the property, it is considered an inaccessible resource.  20 C.F.R. § 416.1201(a).  In Winston v. Colvin, the plaintiff was denied SSI benefits because the ALJ determined that her half share in property exceeded the statutory limit.  No. 6:13-CV-1662-CL, 2015 WL 1549164, at *1 (D. Or. Apr. 7, 2015).  The plaintiff argued that she was unable to access the property as a financial resource because her former husband refused to sell, and she could not afford a lawyer to pursue a partition action that would have uncertain results.  Id. at *5.  The court agreed, reasoning that plaintiff did not have the power to liquidate her interest in real property; thus, the ALJ erred in considering it an accessible resource.  Id.  In reversing the ALJ's determination that plaintiff was ineligible for SSI benefits, the court noted that "the analysis of what constitutes a resource cannot be evaluated detached from reality." Id.  This Court agrees with the reasoning set forth in

<u>Winston</u>: the legal ability to convert noncash property into cash cannot be divorced from the practical ability to do so.

The same logic applies here to analogous facts: both the plaintiff in <u>Winston</u> and Paiva own a fractional share in real property. <u>Id.</u> at *1; [Dkt. 14 at 5]. In <u>Winston</u>, the plaintiff's ex-husband, who she co-owned the property with, was uncooperative and refused to sell. 2015 WL 1549164, at *5. Similarly, Paiva's sisters refuse to sell the property. [Dkt. 9 at 26]. Even if they did, however, Paiva testified at the ALJ hearing that her sisters are financially unable to buy her out. [<u>Id.</u>]. Finally, in <u>Winston</u>, a real estate agent evaluated the plaintiff's property and determined it would need substantial repairs before being marketable. 2015 WL 1549164, at *4. The court relied on the agent's assessment when concluding that the property was inaccessible. <u>Id.</u> at *5. Here, a realtor similarly found Paiva's fractional share in real property to be unmarketable [Dkt. 14 at 8] and concluded that the home would require "quite a bit of work" before it could be rented or sold. [Dkt. 9 at 29]. Just as in <u>Winston</u>, the ALJ here erred in determining that the real property is accessible because there is no practical way for Paiva to liquidate her share.

The Defendant argues that <u>Kubetin v. Astrue</u>, 637 F. Supp. 2d 59 (D. Mass. 2009) is inapposite because the court in that case held that partition was not required because the costs from the partition action would consume the recovery made from the sale. [Dkt. 14 at 8-9]. Specifically, Defendant alleges that there is no evidence that the Plaintiff's recovery would be consumed by the costs of partition because the latest valuation of her share is $119,333. [<u>Id.</u>]. Thus, if Paiva were to pursue partition, Defendant argues, the costs of doing so would likely not consume the recovery made in the sale. <u>Id.</u> Rather, this case is more analogous to <u>Chalmers v. Shalala</u>, 23 F.3d 752 (3d Cir. 1994). In <u>Chalmers</u>, the plaintiff argues that the legal fees would

9

consume the property's worth and would render partition unfeasible. Id. at 755. Nevertheless, the court in Chalmers reasoned that the statute and regulations do not require selling one's fractional share in real property be feasible or advantageous. Id.

When the sale of a fractional interest in real property cannot be realized, partition should not be enforced to remain eligible for SSI benefits. See Winston, 2015 WL 1549164, at *5 (noting that plaintiff cannot afford a lawyer to pursue litigation that would yield uncertain results); Golis, 857 F. Supp. at 1417 (finding that plaintiff's property is unmarketable because it would require a sale through partition, discouraging buyers—if any were found—desiring a fractional interest in real property); see also Kubetin, 637 F. Supp. at 63-64 (holding that that plaintiff's one-sixth interest in inherited property cannot be considered a "resource" because she would not have realized at least $2,000 cash, the statutory resource limit, from a forced sale due to litigation-related attorney's fees and costs). Indeed, even the SSA's operations manual states, "[w]hen there is a legal bar to sale of property (e.g., if a co-owner legally blocks sale of jointly-owned property), we do not require an individual to undertake litigation in order to accomplish sale or access." POMS SI 01120.010.C.2. Moreover, Paiva cannot afford the up-front costs of hiring an attorney to initiate a partition action. [See Dkt. 9 at 31] (stating that SSI benefits are crucial to Paiva's ability to make ends meet). The record indicates that her only source of income is $301 a month in Social Security Old Age Benefits. [Dkt. 9-1 at 6]. The Court does not think it is reasonable to contravene the SSA's own guidelines and require Plaintiff to pursue a partition lawsuit against her own sisters that may not even succeed.

When drafting the Social Security Act to provide economic support for those 65 years and older, or who are blind or disabled, it could not have been Congress' intention to force individuals into a legal and practical quagmire. 42 U.S.C.A § 1381. Quite the opposite: the

purpose of the statute is "to ameliorate some of the rigors of life" for those who are disabled or impoverished. Culbertson v. Sec'y of Health & Hum. Servs., 859 F.2d 319, 324 (4th Cir. 1988) (quoting Dvorak v. Celebrezze, 345 F.2d 894 (10th Cir. 1965)). Thus, the Social Security Act should be "broadly construed and liberally applied in favor of beneficiaries," to further its remedial purposes. McCuin v. Sec'y of Health & Hum. Servs., 817 F.2d 161, 174 (1st Cir. 1987). Ultimately, its intent is inclusion rather than exclusion of coverage and resolving doubts in favor of coverage. Lietz v. Flemming, 264 F.2d 311, 313 (6th Cir. 1959) ("We are naturally most prone to liberally construe the Social Security Act in favor of the party seeking its benefits, and if any basis in law exists to grant relief, we would so construe the Act.")

In sum, Paiva has presented sufficient evidence to establish a legal bar to the sale of her fractional interest in real property. For the foregoing reasons, Paiva's fractional share in real property cannot be converted to cash and used for her own support and maintenance.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Order Reversing Decision of Commissioner [Dkt. 10] is **GRANTED** and Defendant's Motion for Order Affirming Decision of Commissioner is **DENIED**. [Dkt. 13]. Paiva's fractional share in real property is an inaccessible resource, and as such, her SSI benefits should be reinstated.

**SO ORDERED.**

Dated: November 29, 2023                                /s/ Angel Kelley
                                                                        Hon. Angel Kelley
                                                                        United States District Judge